IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL HUBBARD | § | |
| | § | CIVIL ACTION NO. 9:11cv76 |
| Plaintiff, | § | |
| | § | JUDGE _____ |
| v. | § | |
| | § | JURY DEMANDED |
| | § | |
| CENTER SDI, L.P. d/b/a | § | |
| SONIC DRIVE-IN | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff Michael Hubbard, who for his Original Complaint states as follows:

**I.**

**Introduction**

1. Plaintiff commences this employment discrimination action against Defendant Center SDI, L.P. d/b/a Sonic Drive-In (hereafter Sonic Drive-In) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), which in relevant part prohibits retaliation based upon opposition to sexual discrimination and sexual harassment.

2. Plaintiff Hubbard is a former employee of Defendant Sonic Drive-In in Center, Texas who was retaliated against based upon his engaging in protected activity involving his opposition to sexual harassment being undertaken against female employees. Specifically, Plaintiff Hubbard complained of harassment against female employees but was told that male supervisors were supposed to stick together. As a result, he was threatened with termination and ultimately terminated

for bogus reasons. The real reason for Plaintiff Hubbard's termination was his protected activity and opposition to sex discrimination/sexual harassment.

3. Plaintiff brings this cause of action to vindicate his rights guaranteed by Title VII. Plaintiff seeks the full measure of available relief, including declaratory, equitable, compensatory and punitive remedies, as well as attorney's fees and costs.

## II.

## Jurisdiction

4. This Court has jurisdiction over Plaintiff Hubbard's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3). Additionally, this Court has jurisdiction over Plaintiff Hubbard's Title VII claim pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

## III.

## Parties

**Plaintiff**

5. Plaintiff Hubbard is a citizen of the United States and a resident of Anderson County, Texas. Plaintiff Hubbard was a resident of Shelby County, Texas at all times relevant hereto.

**Defendant**

6. Defendant Center SDI, L.P. d/b/a Sonic Drive-In is a limited partnership doing business in the State of Texas and may be served through its registered agent for process, Brian J. Winterringer, 3700 Kinross Ct., Flower Mound, TX 75028.

## IV

## **Procedural History**

7.  Plaintiff Hubbard timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division.  Plaintiff Hubbard received his right-to-sue letter after its issuance on February 3, 2011 and has satisfied all other procedural prerequisites for filing suit.

## V

## **Facts**

8.  Plaintiff Hubbard is a thirty-seven (37) year old African-American male.

9.  Plaintiff Hubbard was at all times relevant hereto an employee of Defendant Sonic Drive-In and is therefore entitled to the protections of Title VII, 42 U.S.C. § 2000e, *et seq.*.

10.  Defendant Sonic Drive-In employs more than 15 employees and is subject to the prohibitions against discrimination in Title VII.

11.  At all times relevant hereto, Plaintiff Hubbard was a competent, qualified, loyal and conscientious employee.

12.  Plaintiff Hubbard worked for Sonic Drive-In in Center, Texas for approximately five months.  He was a manager at the time of his termination.

13.  In Fall 2009, female employees complained that the General Manager James Moody was sexually harassing them.

14.  Plaintiff Hubbard supported the employees who had complained of the harassment and reported these complaints to higher management, Supervisor Hunter Scaife.  He was told that male supervisors were supposed to stick together.

15. After that time, Plaintiff Hubbard was repeatedly threatened with termination – even though he had never been written up for anything prior to complaining of the harassment.

16. On or about December 17, 2009, Plaintiff Hubbard was fired, supposedly for copying schedules.

17. In reality, Plaintiff Hubbard was fired for his opposition to the sexual harassment committed by General Manager James Moody.

18. Based upon information and belief, Plaintiff Hubbard was replaced by an employee who had not taken steps to oppose sex discrimination/sexual harassment.

19. Based upon information and belief, similarly situated employees who were not engaged in protected activity and/or opposing sex discrimination/sex harassment were not similarly terminated.

**Damages**

20. Defendant's conduct, complained of above, including actions and omissions, proximately caused Plaintiff to suffer mental, emotional and psychological damages, as well as lost compensation.

21. All of Defendant's wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff rendering appropriate the award of punitive damages.

### VI.

### Cause of Action

22. Defendant's acts and omissions, set forth above, constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

## VII.

## **Jury Demand**

23. Plaintiff hereby demands a trial by jury on all issues so triable.

## VIII.

## **Prayer for Relief**

24. WHEREFORE, Plaintiff prays that this Honorable Court:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff Hubbard recognizing that Defendant violated his rights guaranteed by Title VII;

(b) Enter judgment against Defendant in favor of Plaintiff for full compensatory damages;

(©) Enter judgment against Defendant and in favor of Plaintiff for equitable relief, including back pay, reinstatement, and/or front pay, including fringe benefits;

(d) Enter judgment against each Defendant and in favor of Plaintiff for an amount of punitive damages sufficient to punish and deter Defendant from retaliation against Plaintiff and/or others;

(e) Grant Plaintiff a trial by jury; and

(f) Grant Plaintiff any and all additional relief to which he appears to be entitled, including a reasonable attorney fee, costs herein expended, pre-judgment interest, and post-judgment interest as provided by law.

Respectfully Submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney for Plaintiff Hubbard
Bar Card No. 00783808

Stuckey, Garrigan & Castetter
Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org